IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gladys Osorio, etc., et al,             Case No. 1:10HC60074

       Plaintiff

    v.                                                   ORDER

Baxter Int'l, Inc., et al.,

       Defendant

This is an individual case that has been transferred to the undersigned as part of *In re.: Heparin Products Liability Litigation*, MDL Docket No 1953.

Pending is defendants' motion for summary judgment. (Doc. 33). For the reasons that follow, the motion shall be granted.

The gravamen of the motion is that plaintiff has failed to obtain evidence sufficient to raise a triable issue of "product identification" (*i.e.,* that the plaintiff's decedent received tainted Baxter heparin prior to her death from heparin induced thromocytopenia).

Plaintiff's response asserts that she has presented sufficient evidence in the form of her assertion in the plaintiffs' fact sheet (PFS) that the decedent received tainted Baxter heparin. She has not, however, produced pharmacy or other records showing that such was so.

Plaintiff suggests that defendants were responsible for obtaining underlying documentation to confirm or deny that her decedent received its tainted product. In her view, defendants can find out what they shipped to the facility where plaintiff's decedent received heparin.

That may be so, but that alone would not suffice to show that the plaintiff's decedent received tainted heparin. Receipt of a shipment is but one step in building plaintiff's chain of proof.

Plaintiff, not defendants, has the burden of proof as to product identification. She has to locate and procure the proof necessary to sustain her claim. A statement in a PFS is no more proof of the asserted fact that an allegation in a complaint.

Plaintiff asserts that for me to decide the pending motion on its merits, I should allow time to have the relevant pharmacy records produced.

I have already done so. This matter has been pending long enough for basic discovery to have taken place.

It is, therefore

ORDERED THAT defendants' motion for summary judgment (Doc. 33) be, and the same hereby is granted.

So ordered.

/s/James G. Carr
United States District Judge